| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| DARRAL ELLIS, | Case No.: 2:19-cv-00320-JAD-EJY |
| Plaintiff | |
| v. | **Order Screening Second Amended Complaint** |
| CLARK COUNTY DETENTION CENTER MEDICAL, et al., | [ECF Nos. 5, 14, 15] |
| Defendants | |

Plaintiff Darral Ellis brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Eighth and Fourteenth Amendment rights were violated when he was denied necessary medical care, including psychiatric care, at the Clark County Detention Center. Ellis has twice amended his complaint, so his operative complaint is his second amended one,[1] which I now screen under 28 U.S.C. § 1915A because he applies to proceed *in forma pauperis*.[2] Because I find on screening that Ellis has not alleged a colorable claim, I dismiss the second amended complaint without prejudice and with leave to file an amended complaint by January 11, 2020. I also deny without prejudice the motion for appointment of counsel.

## Background

**A.    Plaintiff's factual allegations**[3]

In 2017, Ellis was in the custody of the Clark County Detention Center ("CCDC"). Even after filing multiple kites and grievances, he did not see a doctor the entire time he was at the

---

[1] ECF No. 7; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (noting that an amended complaint replaces an earlier complaint).

[2] ECF No. 7.

[3] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.

Clark County Detention Center. Ellis suffers from epilepsy and bi-polar schizophrenia but was taken off of all his crucial medication for these conditions. He ended up having a seizure and falling off his bunk while he was on suicide watch. Medical/Mental Health knew the entire time that he was bipolar and had epilepsy.[4] Ellis's severe mental illness requires attention, and he starts listening to voices when he is ignored and neglected.[5] Ellis also alleges that a psychiatrist said that Ellis was feigning an illness.[6] She told Ellis that, if he was going to kill himself, then to do everyone a favor and do it. As a result of this dark advice and the voices, Ellis unsuccessfully tried to kill himself by taking 90 pills. Ellis did not receive medical and mental health treatment at CCDC even after the suicide attempt and seizure and making them aware that he was hearing voices and having hallucinations.

**B.  Plaintiff's causes of action**

Based on these events, Ellis sues Clark County Detention Center Medical/Mental.[7] He alleges that cruel and unusual punishment was inflicted on him through the Clark County Detention Center's Medical/Mental Health department and that his Eighth Amendment and Fourteenth Amendment rights were violated.[8] He seeks an award of monetary damages.[9]

---

[4] ECF No. 7 at 5.
[5] *Id.* at 4–5.
[6] *Id.* at 5, 6.
[7] ECF No. 7 at 1–2.
[8] *Id.* at 4.
[9] *Id.* at 9.

**Discussion**

**A.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[11] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more

---

[10] *See* 28 U.S.C. § 1915A(a).

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[16] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

**B.     Analysis of Ellis's claims**

The only defendant named by Ellis is the Clark County Detention Center Medical/Mental.[19] CCDC itself is a building and therefore is not an entity that is subject to suit. Clark County is a municipal entity, not a state entity, so it is not immune from suit. However, even assuming that the Medical/Mental unit that Ellis is suing is a municipal department rather than just a part of a building, it cannot be held liable under § 1983 on a *respondeat superior* theory because a municipality or its department may not be held liable merely because its employees have violated someone's civil rights.[20] Municipalities may not be held liable under § 1983 unless action pursuant to municipal custom or policy caused a plaintiff's constitutional violation.[21] There must be a deliberate custom or policy, and that custom or policy must cause the alleged constitutional deprivation.[22] A plaintiff must also show that the custom or policy was adhered to with deliberate indifference to the prisoners' constitutional rights.[23] The deliberate indifference standard for municipalities is an objective inquiry into whether the facts available to

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[18] *Id.*
[19] ECF No. 7 at 1, 2.
[20] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).
[21] *Id.*
[22] *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016).
[23] *Id.* at 1076.

the municipal policymakers put them on constructive notice that the particular conduct or omission is substantially certain to result in the violation of constitutional rights.[24]

Merely including a conclusory allegation that there is a custom or policy is insufficient.[25] For example, a plaintiff must go beyond bare assertions and plead facts sufficient to show that there is a policy, what the policy is, and what role a defendant played in designing, adopting, and implementing the policy.[26] In order to adequately allege a custom, a plaintiff must allege facts sufficient to show a longstanding practice or custom that constitutes the standard operating procedure of the local government entity.[27] "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."[28]

Ellis's complaint does not allege facts sufficient to show any municipal policy or custom by the defendant, nor does it allege facts sufficient to show that any policy or custom caused Ellis to suffer a constitutional violation. So, I dismiss the second amended complaint without prejudice and give Ellis the opportunity to amend his complaint state a claim against Clark County by alleging facts sufficient to show that his constitutional rights were violated as a result of Clark County's policy or custom. Although it is not entirely clear, it appears that Ellis was at CCDC as a pre-trial detainee at the time of the alleged violations. A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth

---

[24] *Id.*

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).

[26] *Id.* at 678–81.

[27] *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

[28] *Id.*

Amendment, not under the Eighth Amendment Cruel and Unusual Punishment Clause (that amendment applies instead to prisoners who are serving a sentence).[29] I therefore advise Ellis of the following requirements for a pretrial detainee to state a Fourteenth Amendment claim for deliberate indifference to serious medical needs.

A pretrial detainee's claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate-indifference standard.[30] The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.[31] "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' "[32] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[33] The mere lack of due care is insufficient.[34]

---

[29] *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971).
[30] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).
[31] *Id.* at 1125.
[32] *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).
[33] *Id.*
[34] *Id.*

6

## C. Leave to amend

I give Ellis leave to amend his claim for deliberate indifference to serious medical needs. If Ellis chooses to file a third amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[35] He should file the third amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Third Amended Complaint." Ellis must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege facts sufficient to show what each defendant did to violate his civil rights. **He must file the amended complaint by January 11, 2020.**

## D. Motion for appointment of counsel [ECF No. 15]

Like many prisoners bringing civil-rights claims, Ellis asks the court to appoint him counsel.[36] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims, and the court does not have lawyers to appoint in civil litigation;[37] at best it can "request an attorney to represent any person unable to afford counsel" on an unpaid (pro bono) basis. But because those resources are scarce, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[38] "When determining whether

---

[35] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[36] ECF No. 15.

[37] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[38] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[39] "Neither of these considerations is dispositive and instead must be viewed together."[40] In this case, as Ellis has not yet even stated a colorable claim, I do not find exceptional circumstances that warrant the appointment of counsel at this time. So I deny the motion for appointment of counsel without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED the second and third applications to proceed *in forma pauperis* **[ECF Nos. 5, 14] are DENIED** as unnecessary; a decision on the first application to proceed *in forma pauperis* (ECF No. 1) is deferred until after Ellis demonstrates whether he can state a claim.

IT IS FURTHER ORDERED that the operative complaint is the second amended complaint (ECF No. 7), which is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his second amended complaint (ECF No. 7). If plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "Third Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and the screening process will take many months. **If plaintiff does not file an amended complaint by January 11, 2020, this action will be dismissed with prejudice for failure to state a claim.**

---

[39] *Id.*

[40] *Id.*

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 15] is DENIED** without prejudice.

Dated: December 12, 2019

_____
U.S. District Judge Jennifer A. Dorsey