UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Darral Ellis,

    Plaintiff

v.

Clark County Detention Center Medical, et al.,

    Defendants

Case No.: 2:19-cv-00320-JAD-EJY

**Order Screening Plaintiff's Sixth Amended Complaint and Granting Application to Proceed in Forma Pauperis and Leave to Amend**

[ECF Nos. 1, 25, 26]

    Plaintiff Darral Ellis brings this civil-rights action under 42 U.S.C. § 1983, claiming that unnamed medical practitioners at the Clark County Detention Center and Sheriff Lombardo violated his Fourteenth Amendment rights by depriving him of his medications and proper medical care.[1] I previously screened Ellis's fourth amended complaint and dismissed it with leave to amend, while deferring a decision on his application to proceed in forma pauperis.[2] But before I could screen his fifth amended complaint[3] or adjudicate his motion to substitute the real names of defendants,[4] Ellis filed a sixth amended complaint.[5]

---

[1] ECF No. 26 (sixth amended complaint).

[2] ECF No. 23 (screening order).

[3] ECF No. 24 (fifth amended complaint).

[4] ECF No. 25 (motion to substitute real names of defendants). Despite filing this motion, Ellis has yet to provide the real names of any defendants, referring to them instead as John and Jane Does.

[5] ECF No. 26 (sixth amended complaint). Accordingly, I deny as moot his motion to substitute the real names of defendants.

I grant Ellis's application to proceed in forma pauperis[6] and again screen his sixth amended complaint under 28 U.S.C. § 1915A.  Despite being directed to do so, Ellis has still not stated a claim against Sheriff Lombardo, so I dismiss those claims with prejudice.  But Ellis may yet be able to state a claim against the unnamed individuals who confiscated his medications, suggested he kill himself, and failed to treat his psychiatric condition, so I dismiss those claims without prejudice and with leave to amend.  If Ellis can name those medical personnel, his Fourteenth Amendment claims against those defendants may proceed.

## Background[7]

Ellis, who suffers from epilepsy and bipolar disorder, alleges that he received inadequate medical care while in the custody of Sheriff Lombardo at the Clark County Detention Center ("CCDC").[8]  Ellis claims that, while he was at CCDC, unnamed medical personnel withheld his medications and ignored his condition, resulting in him hearing voices, hallucinating, having a seizure, and being placed on suicide watch.[9]  Despite being aware of his psychological disorders, the CCDC's medical staff did little to assist him; one unnamed staff member, in fact, suggested that he should "do everyone a favor" and kill himself.[10]  Ellis unsuccessfully attempted to comply with that request.[11]

---

[6] ECF No. 1 (application to proceed in forma pauperis).  Based on the financial information provided, I find that plaintiff is unable to prepay the full filing fees in this matter, and I grant the application.

[7] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[8] *See generally* ECF No. 26.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.*

Ellis concludes that this conduct violated his Fourteenth Amendment rights and that Sheriff Lombardo and multiple John and Jane Does were deliberately indifferent to his serious medical needs. He seeks damages for his pain and suffering.[12]

## Discussion

**A.   Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from governmental entities or their officers and employees.[13] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.[14]

Section 1915(e)'s failure-to-state-a-claim standard "is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim"[15] and requires a properly pled complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[16] While Federal Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[17] "Factual allegations must be enough to rise above the speculative level."[18] To survive a motion

---

[12] *Id.* at 2–3, 4, 9.

[13] *See* 28 U.S.C. § 1915A(a).

[14] *See id.* at § 1915A(b)(1), (2).

[15] *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing generally *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

[16] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Twombly*, 550 U.S. at 555.

to dismiss, a complaint must "contain enough facts to state a claim to relief that is plausible on its face."[19]

Although allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers,[20] all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact or are "frivolous." Unlike Federal Rule 12(b)(6), § 1915(e) accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[21] The court need not accept all well-pled allegations as true, but must instead assess whether plaintiff's allegations are "clearly baseless," "fanciful," "fantastic," or "delusional."[22] Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to an opportunity to amend the complaint before dismissal.[23]

**B.     Ellis's Fourteenth Amendment claims**

*1.     Claim against Sheriff Lombardo*

When I dismissed Ellis's fourth amended complaint with leave to amend, I informed Ellis that he had failed to allege specific facts regarding Sheriff Lombardo's conduct.[24] As I noted in my order, under 42 U.S.C. § 1983, a defendant is liable "only upon a showing of personal

---

[19] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[20] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[21] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[22] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Nietzke*, 490 U.S. at 325–28) (internal quotation marks omitted).

[23] *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

[24] ECF No. 23 at 4.

participation by [that] defendant."[25]  I also explained that, because "vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, violated the Constitution."[26]  I informed Ellis that he could not hold Sheriff Lombardo liable merely because Lombardo placed Ellis in custody or because some employees at CCDC violated Ellis's rights.[27]  In addition, I instructed Ellis that he must allege facts sufficient to show that Sheriff Lombardo himself violated his rights.[28]  Despite this clear guidance, Ellis has still not alleged any facts about Sheriff Lombardo's conduct or behavior, much less how that conduct has resulted in a deprivation of Ellis's constitutional rights. So I dismiss his claim against Sheriff Lombardo with prejudice. Ellis may not sue Sheriff Lombardo in this action.

### 2. *Claims against the doe defendants*

Although it is not entirely clear, it appears that Ellis was a pre-trial detainee at CCDC at the time of the alleged violations.  As I explained in my prior order,[29] the Fourteenth Amendment's Due Process Clause protects pretrial detainees from conditions constituting punishment.[30]  Courts analyze Fourteenth Amendment claims regarding denial of the right to adequate medical care under an objective, deliberate-indifference standard,[31] which requires facts showing: "(1) the defendant made an intentional decision with respect to the conditions

---

[25] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).
[27] ECF No. 23 at 4.
[28] *Id.*
[29] *Id.* at 5-6.
[30] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1971).
[31] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).

5

under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.[32] "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'"[33] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[34] The mere lack of due care is insufficient.[35]

       Liberally construing the sixth amended complaint, I find that Ellis states a colorable Fourteenth Amendment claim for deliberate indifference against the doe defendants who withheld his medications; told Ellis to kill himself; and failed to respond to his hallucinations, seizures, and suicide attempts. Ellis's bipolar schizophrenia and epilepsy are unquestionably severe. And despite knowing of these conditions, Ellis sufficiently alleges that the medical staff at CCDC failed to provide him proper treatment, actively delayed his treatments, and encouraged him to commit suicide. A reasonable person would have recognized the risks posed by that conduct and would not have behaved so. And Ellis reasonably alleges harm because he attempted suicide and experienced seizures that caused him to fall out of his bunk. But as before, Ellis still fails to provide the names of those who committed these acts, so I must dismiss his claims without prejudice.

---

[32] *Id.* at 1125.

[33] *Id.* (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

[34] *Id.*

[35] *Id.*

**C.     Leave to amend**

For Ellis's claims to proceed, he may amend his complaint to substitute the real names of these defendants.  If Ellis does not know or remember those names, he must either review the medical records he currently possesses to identify those names or file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum so that Ellis may obtain records that would have that information.  If Ellis chooses to move for issuance of a Rule 45 subpoena duces tecum, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Ellis seeks and also explain why the documents and information would be available from the entity or person that is the target of the subpoena.  Ellis is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

If Ellis chooses to file a seventh amended complaint with the true names of the doe defendants, he is advised that a seventh amended complaint would supersede and replace the sixth amended complaint, so the seventh amended complaint must be complete in itself.[36]  He should file the seventh amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Seventh Amended Complaint."  Ellis must follow the instructions on the form.  If Ellis does not amend the complaint to state a colorable claim against a named defendant by December 29, 2020, this case will be dismissed with prejudice.

---

[36] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 1] is GRANTED**.[37]  Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended.  This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Darral Ellis, # 1206066 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed to SEND a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the motion to substitute real names of defendants **[ECF No. 25] is DENIED as moot**.

IT IS FURTHER ORDERED that the sixth amended complaint **[ECF No. 26] is the operative complaint** and the Clerk of the Court is directed to send Ellis a copy of the sixth amended complaint.

IT IS FURTHER ORDERED that:

- The claims against Sheriff Lombardo are DISMISSED with prejudice and without leave to amend; and

- The Fourteenth Amendment claims against the Doe defendants who allegedly

---

[37] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

8

withheld Ellis's medications, told Ellis to do everyone a favor and kill himself, and failed to treat Ellis's seizures, hallucinations, and suicidal acts are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form and instructions for filing a § 1983 prisoner complaint.  If plaintiff chooses to file a seventh amended complaint, he must use the approved form and he must write the words "Seventh Amended" above the words "Civil Rights Complaint" in the caption.  **If plaintiff does not file an amended complaint stating a claim against a <u>named</u> defendant by December 29, 2020, this action will be dismissed with prejudice.**

_____
U.S. District Judge Jennifer A. Dorsey
November 2, 2020

9